

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RAJU A.T. DAHLSTROM,<br><br>    Plaintiff,<br><br> v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>    Defendants. | CASE NO. C24-641-RSM<br><br>ORDER GRANTING DEFENDANTS' MOTION TO DISMISS COMPLAINT |

## I. INTRODUCTION

This matter comes before the Court on Defendants' Motion to Dismiss, Dkt. #97.[1] Plaintiff opposes and requests oral argument. Dkt. #97. For the reasons explained below, the Court finds oral argument unnecessary and GRANTS Defendants' Motion.

## II. BACKGROUND

The Court draws the following facts and allegations from Plaintiff's Complaint, Dkt. #1.

---

[1] Under Fed. R. Civ. P. 60(a), the Court may correct "a mistake arising from oversight or omission whenever found in a judgment, order, or other part of the record. The court may do so on motion or on its own, with or without notice." In this corrected Order, the Court *sua sponte* corrects an error regarding Plaintiff's FTCA claims. *See infra* at 4 and 12. This Order replaces the Court's prior Order, Dkt. #120.
ORDER GRANTING MOTION TO DISMISS - 1

On June 9, 2022, Plaintiff went through airport security at Seattle-Tacoma International Airport. During this process, Plaintiff "was unceremoniously sniffed by a TSA-itinerant animal for explosives, drugs, or to rule out if (Dahlstrom) ***smelled like a terrorist***[.]" *Id*. at 6 (emphasis in original). Plaintiff was not subject to a pat-down. *Id*. at 16.

On June 13, 2022, Plaintiff went through airport security at Eugene Airport in Oregon. Plaintiff "submitted to multiple screening processes" by three Transportation Security Administration ("TSA") employees. *Id*. Plaintiff describes the "pat-down" as being subject to "groping, digitally poking penis, and hand traversing the waist line and tights, and reaching toward his anus and bottom[.]" *Id*. at 6-7. Plaintiff alleges that, for the purpose of humiliating and dominating" Plaintiff, the pat-down "escalated . . . into a checkpoint body cavity search by inserting firmly his [TSA employee's] fingers groping [Plaintiff's] privates, allegedly sexually assaulting [him] in the middle of the airport." *Id*. at 17-18. Plaintiff alleges that this pat-down occurred "retaliation" because Plaintiff "was targeted for extrajudicial screenings (an illegal Terry stop)" upon entering the Eugene airport "because of his protected status" and volunteer work for immigrants, as well as prior federal lawsuits against TSA employees. *Id*. at 18. Plaintiff further describes the pat-down as being "exposed to (alleged rape) by his most intimate areas" and as being ordered to "submit to a strip search . . . when the basis for doing so is the wearing of a feminine hygiene product." *Id*. at 22. Plaintiff also insinuates that he is on the "No Fly List," presumably due to being Catholic, and was prevented from recording the incident at Eugene Airport. *Id*. at 19 and 26.

Plaintiff brings numerous claims against Defendants, including tort claims under the Federal Tort Claims Act ("FTCA") and state law, constitutional claims for money damages, constitutional claims under the Administrative Procedure Act ("APA") for equitable relief, and claims for injunctive and declaratory relief. *Id*. at 19-29.

## III. DISCUSSION

### A. Legal Standard

Rule 12(b)(6) allows for dismissal of a complaint due to a plaintiff's "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Dismissal may "be based on the lack of cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). The complaint must "contain factual matter, accepted as true, to 'state a claim to relief that is plausible on its face[,]'" requiring more than "an unadorned, the defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

When considering a 12(b)(6) motion, the court takes well-pleaded factual allegations as true and views them in a light most favorable to the plaintiff. *See Wyler Summit P'ship v. Turner Broad. Sys., Inc.*, 125 F.3d 658, 661 (9th Cir. 1998). The court does not have to take presented legal conclusions as factual allegations or accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences[.]" *See Iqbal*, 556 U.S. at 678; *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). "Dismissal without prejudice and without leave to amend is not appropriate unless it is clear . . . that the complaint could not be saved by amendment." *Creech v. Tewalt*, 84 F.4 777, 789 (9th Cir. 2023) (quoting *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003)).

### B. Analysis

#### a. FTCA Claims

Plaintiff brings claims of false imprisonment, intentional infliction of emotional distress, and battery under the FTCA. Dkt. #1 at 19-22, 25-26. Defendants contend that Plaintiff's claim of false imprisonment fails because he voluntarily consented to TSA screening, and the other

ORDER GRANTING MOTION TO DISMISS - 3

claims should be dismissed because Plaintiff's "copy and paste" allegations violate Federal Rules of Civil Procedure 8 and 11.

"Under the [FTCA], 28 U.S.C. §§ 2671-2680, the United States is liable for common law torts committed by federal employees acting within the course and scope of their official duties." *Moore v. McMullen*, No. 97-35390, 1998 WL 416105, at *2 (9th Cir. 1998). The tort law of the state where the claim arose determines liability. *See* 28 U.S.C. §§ 1346(b), 2672.

First, the Court shall dismiss Plaintiff's FTCA claims against all Defendants but Defendant United States because the "United States is the only proper defendant in an FTCA action." *Lance v. United States*, 70 F.3d 1093, 1095 (9th Cir. 1995); *see also Woods v. United States*, 720 F.2d 1451, 1452 n.1 (9th Cir. 1983).

"Sovereign immunity protects the United States from lawsuits unless that immunity has been waived." *Koe v. United States*, No. C13-1708-JCC, 2014 WL 3739417, at *2 (W.D. Wash. July 29, 2014) (citing *F.D.I.C v. Meyer*, 510 U.S. 471, 475 (1994)). While the FTCA operates as a waiver allowing plaintiffs to pursue claims against the United States for certain torts committed by employees acting within the scope of their employment, "this broad grant of jurisdiction 'shall not apply to . . . [a]ny claim arising out of assault, battery[,]' or other specified intentional torts." *Sheridan v. United States*, 487 U.S. 392, 398 (1988) (quoting 28 U.S.C. § 2680(h)).

However, the FTCA's "so-called 'law enforcement proviso' allows suits against the United States for 'any claim arising . . . out of assault, battery, false imprisonment, false arrest, abuse of process, or malicious prosecution' by 'investigative or law enforcement officers of the United States Government." *Leuthauser v. United States*, 71 F.4th 1189, 1193 (9th Cir. 2023) (quoting 28 U.S.C. § 2680(h)). Furthermore, the Ninth Circuit has held "that TSOs fall within the ordinary meaning of the proviso's definition of *investigative or law enforcement officers*."

ORDER GRANTING MOTION TO DISMISS - 4

*Id*. at 1199 (emphasis in original). Because "the United States is only proper defendant in an FTCA action," these claims against all other Defendants are dismissed. *Kennedy v. United States Postal Service*, 145 F.3d 1077, 1078 (9th Cir. 1998) ("[D]espite the statutory authority of any agency to sue or be sued in its own name . . . [a] claim against the United States Postal Service in its own name is not a claim against the United States.").

Regarding Plaintiff's false imprisonment claim, the Court agrees with Defendants that Plaintiff fails to allege facts from which this Court can infer that Plaintiff was confined without legal authority. As stated by Plaintiff in his Complaint, he "submitted to multiple screening processes" prior to the "pat-down" at issue, demonstrating Plaintiff's consent in order to enter the secured airport area. Dkt. #1 at 6. Plaintiff alleges that he "requested consent to leave the checkpoint" upon being notified that TSA required a pat-down. *Id*. at 23 and 24. However, as the Ninth Circuit has clearly set out, "[t]he constitutionality of an airport screening search . . . does not depend on consent. Rather, where an airport screening search is otherwise reasonable and conducted pursuant to statutory authority . . . all that is required is the passenger's election to attempt entry into the secured area of the airport." *U.S. v. Aukai*, F.3d 955, 960-61 (9th Cir. 2007) (internal citations omitted). Therefore, Plaintiff's alleged revocation of consent plays no part in evaluating a false imprisonment claim.

With all reasonable inferences in Plaintiff's favor, Plaintiff's fails to sufficiently plead facts demonstrating any of his claimed torts. Though Plaintiff alleges that TSA Officer DeLuca "touched his person[]," the other alleged facts surrounding this incident appear copied and pasted from other, completely unrelated complaints. Dkt. #1 at 24. Plaintiff makes vague, conclusory statements regarding "strip search," "alleged rape" and "groping and digital poking and traversing of the waistline" without specifying what, in fact, happened to Plaintiff, and the Court is not required to consider such conclusory statements as true. *See Iqbal*, 556 U.S. at 678. As detailed

ORDER GRANTING MOTION TO DISMISS - 5

by Defendants, many of Plaintiff's allegations, such as "ordering a private citizen to a strip search . . . [for] the wearing of a feminine hygiene product[,]" appear unrelated to Plaintiff and copied and pasted from other plaintiffs' complaints in other cases. Dkt. #1 at 82; *see* Dkt. #97 at 4-5. Furthermore, other than TSA Officer DeLuca allegedly conducting the pat-down, the Court cannot infer how the other two defendant TSA officers were involved other than Plaintiff stating the "three supervisory-level TSA employees at EUG all refused to follow TSA policy" and one officer giving Plaintiff DeLuca's name. Dkt #1 at 26 and 17 n.14. Finally, to the extent Plaintiff seeks declaratory or injunctive relief for FTCA violations, the FTCA does not authorize this Court to issue declaratory judgments and injunctions against the United States. The United States has not waived its sovereign immunity under the FTCA for such remedies, thus this Court lacks jurisdiction to award them. *See Westbay Steel, Inc. v. United States*, 970 F.2d 648, 651 (9th Cir. 1992). Given all of the above, the Court shall dismiss Plaintiff's FTCA claims against Defendant United States with leave to amend in Plaintiff's own words and statements about what allegedly happened to him.

      **b.** ***Bivens*** **claims**

Plaintiff alleges violations of the First, Fourth, and Fifth Amendments regarding the alleged pat-down at Eugene Airport and "his exercise of Free Speech and religion, as a devout Roman Catholic." Dkt. #1 at 30. Defendants contend that Plaintiff can only bring such claims for monetary damages against the individual TSA officers involved and that these claims should be dismissed because such claims against TSA screeners are "dead on arrival." Dkt. #97 at 7-11.

The Court agrees that these claims against anyone other than the TSA officers must be dismissed. Unless the government waives its immunity, constitutional claims for monetary damages against the federal government are barred by sovereign immunity. *See United States v. Mitchell*, 445 U.S. 535, 538 (1980). Suits against government officials in their official capacity

are suits against the governments and are therefore barred. *See Balser v. Dept. of Justice, Office of U.S. Tr.*, 327 F.3d 903, 907 (9th Cir 2003). Accordingly, these claims against the other defendants must be dismissed.

Under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, however, the Supreme Court recognized the right to collect monetary damages for constitutional violations perpetrated by government officials where the official is sued in his or her individual, rather than official, capacity. 403 U.S. 388, 390-91 (1971). However, the court must first determine if (1) the plaintiff's claims arise in a "new context" from previous *Bivens* cases, and (2) if the claims do arise in a new context, do special factors counsel hesitation against extending *Bivens* to this new context. *See Ziglar v. Abbasi*, 582 U.S. 120, 138-147 (2017).

"Here, the court is persuaded that the difference in setting and class of defendant, *i.e.* TSA screeners at an airport checkpoint, is sufficient to constitute a new context and marks a meaningful departure from *Bivens*." *Lundquist v. United States*, No. 20-cv-4980, 2021 WL 3744573, at *6 (C.D. Cal. July 27, 2021). Therefore, the Court must determine whether "special factors counsel hesitation against extending *Bivens*." *Harper v. Nedd*, 71 F.4th 1181, 1185 (9th Cir. 2023).

The Supreme Court has stated that the two steps noted above (new context and special factors) "often resolve to a single question: whether there is any reason to think that Congress might be better equipped to create a damages remedy." *Egbert v. Boule*, 596 U.S. 482, 483 (2022). "Under *Egbert*, rarely if ever is the judiciary equally suited as Congress to extend *Bivens* even modestly. The creation of a new cause of action is inherently legislative, not adjudicative." *Mejia v. Miller*, 61. F.4th 663, 669 (9th Cir. 2023) (citing *Egbert* at 1802). "[I]f there is an alternative remedial structure present in a certain case, that alone may limit the power of the Judiciary to infer a new Bivens cause of action." *Ziglar*, 582 U.S. at 137.

Defendants contend that "[m]ost obviously, the TSA's role in national security and public safety . . . counsels against extending *Bivens*" in this case. Dkt. #97 at 10-11. Defendants also state that an alternative remedial structure exists for Plaintiff in the form of the Department of Homeland Security's Traveler Redress Inquiry Program ("DHS TRIP"). *Id*. at 11. DHS TRIP "establish[es] a timely and fair process for individuals who believe they have been delayed for prohibited from boarding . . . because they were wrongfully identified as a threat . . ." 49 U.S.C. § 44926(a), "essentially [serving as] a clearinghouse for traveler grievances." *Latif v. Holder*, 686 F.3d 1122, 1125 (9th Cir. 2012).

The Court agrees with Defendants. "[S]everal courts have recognized [TSA screeners' role in national security and public safety] because 'TSA employees . . . are tasked with assisting in a critical aspect of national security – securing our nation's airports and air traffic,] [and] [t]he threat of damages liability could indeed increase the possibility that a TSA agent would hesitate in making split-second decisions about suspicious passengers." *Lundquist*, No. 20-cv-4980, at *7 (quoting *Vanderklok v. United States*, 868 F.3d 189, 207 (3d Cir. 2017); citing *Scruggs v. Nielson*, No. 18-cv-2109, 2019 WL 1382159, at *5 and n. 9 (N.D. Ill. Mar. 27, 2019) and *Osmon v. United States*, No. 1:20-cv-31, 2020 WL 9047166, at *10-*11 (W.D.N.C. Dec. 7, 2020)). Weighing these interests, along with established alternative remedial structures at Plaintiff's disposal, and taking all reasonable inferences in Plaintiff's favor, the Court is convinced that the special factors noted above counsel against extending *Bivens* in this case and shall dismiss these claims.

### c. APA, Injunctive, and Declaratory Relief Claims

Plaintiff also brings claims for injunctive and declaratory relief based on alleged constitutional and APA violations. Dkt. #1 at 22-28 and 29-30. Defendants contend that these claims should be dismissed because: "(1) his claims that he is on a government watchlist do not meet the Supreme Court's test for plausibility; (2) he cannot bring a claim based on the TSA's

hiring, training, and supervision; (3) his APA claim based on DHS's 'civil arrests' appears to be a misjudged copy-paste from an unrelated lawsuit; and (4) the various forms of retrospective equitable relief he seeks are barred by sovereign immunity." Dkt. #97 at 12.

First, as to Count VI of the Complaint, the Court shall dismiss Plaintiff's "claim" for injunctive relief because an injunction is a remedy, not a cause of action. *See Krusee v. Bank of Am., N.A.*, No. C13-824, 2013 WL 3973966, at *5 (W.D. Wash. July 30, 2013).

Considering Plaintiff's injunction claim as seeking injunctive and declaratory relief, the Court finds that these claims also fail. In his Response, Plaintiff states that "his APA claim against federal agencies concern[s] government watchlists[.]" Dkt. #100 at 1. The Court construes this to reference Plaintiff's allegations that he is a part of a federal "Terrorist Screening Database" or "watchlist," including "the No Fly List." Dkt. #1 at 9, 19, 29-30. From the Complaint, it appears that Plaintiff believes he is on a "watchlist" and "targeted" because he of his status as a Roman Catholic, for his work in immigration rights, and for prior complaints to DHS. *Id*. at 18-19. However, other than the two alleged incidents in his complaint of once being sniffed by a dog and undergoing a single pat-down, Plaintiff presents no other related facts from which this Court can possibly deduce that he is on any sort of government "watchlist." As Defendants contend, taking all reasonable inferences in Plaintiff's favor, the most likely conclusion is that Plaintiff participated in routine airport screening. *See* Dkt. #97 at 13. Furthermore, as Defendants point out, Plaintiff's APA claim at Count VII regarding "DHS's civil arrest authority" has no relevance to this case and was possibly copied from a different complaint. Dkt. #97 at 15. Plaintiff does not point to any specific regulation or statute the TSA officers allegedly violated by acting in excess of their authority but points to specific constitutional rights and repeats vague comments on TSA policy and regulations. Thus, Plaintiff fails to state a claim under the APA. Furthermore, the APA claim will be dismissed with prejudice as to all Defendants but the federal agencies, as these are the only

proper defendants for an APA claim. See Clark v. Libr. of Congress, 750 F.2d 89, 102 (D.C. Cir. 1984). Accordingly, the Court shall dismiss Plaintiff's APA claim and encourages Plaintiff to abide by Rule 8's requirement of pleading sufficient facts related to his own experiences when filing claims.

Regarding Plaintiff's claims based on TSA's policies and training, Plaintiff fails to state a claim based on these allegations. Dkt. #1 at 20-29. As stated above, taking all reasonable inferences in Plaintiff's favor, the Court finds no specific facts showing that the TSA officer involved or any others violated TSA policy or Plaintiff's rights by conducting the dog sniff or pat-down. This Court also lacks jurisdiction over any challenges to TSA's screening policies and procedures. See Koe, 2014 WL 3739417 at *3 ("To the extent that Plaintiff directly challenges TSA's patdown procedures, this Court lacks jurisdiction."). Furthermore, claims under the FTCA alleging TSA negligent hiring and supervision are barred, and Plaintiff fails to allege any facts that a TSA supervisor acted outside the scope of employment. See Vickers v. United States, 228 F.3d 944, 950 (9th Cir. 2000) ("This court and others have held that decisions related to the hiring, training, and supervision of employees usually involve policy judgments of the type Congress intended the discretionary function exception to shield.").

Lastly, Plaintiff's due process claims and requests for declaratory relief request no relief for this Court to grant. Dkt. #1 at 28 and 29-30. Because the alleged violations occurred years ago, any declaratory relief sought would be retrospective, not prospective, in nature, and therefore barred on sovereign immunity grounds. See Green v. Mansour, 474 U.S. 64, 73 (1985) ("[T]he issuance of a declaratory judgment in these circumstances would have much the same effects as a full-fledged award of damages or restitution by the federal court, the latter kinds relief of course prohibited . . . ."). Likewise, there is no basis for an injunction where there is no claimed continuing violation of Plaintiff's due process rights. See Unknown Parties v. Nielsen, No. CV-15-00250-

TUC-DCB, 2020 WL 813774, at *7 (D. Ariz. Feb. 19, 2020) (no injunctive relief available under Fifth Amendment for detainees already released from custody). Without any indication of likely future injury based on these past alleged violations, the Court finds no basis for prospective injunctive relief available to Plaintiff. *See Nordstrom v. Ryan*, 762 F.3d 903, 911 (9th Cir. 2014) (holding that to be entitled to prospective relief, a plaintiff "must demonstrate that he is realistically threatened by a *repetition* of [the violation]" (alterations and emphasis in original) (quotation marks omitted)). For these reasons, Plaintiff has failed to state a claim upon which relief can be granted, and the Court finds that attempting to amend these claims is not feasible. *See Choate v. Lane*, No. 217-CV-03043-RFB-VCF, 2019 WL 691398, at *3 (D. Nev. Feb. 19, 2019) (dismissal under Rule 12(b)(6) warranted where neither retrospective declaratory or injunctive relief nor prospective relief is available). Accordingly, these claims shall be dismissed.

   **d. State Law Tort Claims**

Finally, the Court will dismiss Plaintiff's state law tort claims for civil battery and intentional infliction of emotional distress. The FTCA provides exclusive remedy for plaintiffs allegedly harmed by torts of federal employees "while acting within the scope of [their] office or employment[.]" 28 U.S.C. § 2679(b)(1). As the United States certified, Defendant DeLuca "was acting within the scope of his employment, at all times and in all respects relevant to Plaintiff's claims." Dkt. #96 at 1. Nothing in Plaintiff's Complaint gives reason for this Court to infer that Defendant DeLuca "was not in furtherance of any government interest but rather his (DeLuca) own personal desire to humiliate and dominate [Plaintiff] . . . [and] was outside the scope of DeLuca's employment (and lawful authority)[.]" Dkt. #1 at 28-29. Accordingly, these claims shall be dismissed with prejudice.

//

//

## IV.   CONCLUSION

Having reviewed the instant Motion, the relevant briefing, and the remainder of the record, the Court hereby finds and ORDERS that Defendants' Motion to Dismiss, Dkt. #97, is GRANTED.  Plaintiff's claims are DISMISSED with prejudice, without leave to amend, except for the following claims dismissed without prejudice and with leave to amend:

(1) Plaintiff's FTCA claims against Defendant United States; and

(2) Plaintiff's APA claim against Defendants DHS, ICE, CBP, and TSA.

Plaintiff is ORDERED to file an Amended Complaint **no later than May 31, 2025**, if he wishes to amend the above claims.  If so, the Court cautions Plaintiff to amend said claims based on his own experiences and in full compliance of Federal Rule of Civil Procedure 8.

Per this Order, Plaintiff's Motions for Extension of Time, Dkts. #122 and #123, are STRICKEN as moot.  This Order replaces the Court's prior Order, Dkt. #120.

DATED this 18th day of April, 2024.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE